UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 05-28-DCR

UNITED STATES OF AMERICA                                              PLAINTIFF


vs:                          **OPINION AND ORDER**


CHARLES HARVEY LEWIS, et als.                                        DEFENDANTS

\* \* \* \* \* \*

This matter is before the Court upon the government's "Motion for Order Regulating Discovery" (DE #17).  The defendant, Lewis (DE #22) has filed a written response objecting to the motion.

The Court certainly has authority to regulate discovery under the provisions of Rule 16(d)(1).  Obviously, in multi-count indictments involving multiple defendants, as here, where there are voluminous discovery materials, including numerous audio and video tapes and numerous boxes of documents, the Court understands the logistical and financial burdens that would be placed upon the government to furnish each individual defendant with copies of **all** items of discovery, when, in actuality, many of the documents or tapes are inapplicable to some defendants.

1

In its proposed Order, the government requests that defense counsel "appoint one attorney per indictment as the discovery counsel. The government shall provide one copy of discovery to the appointed counsel who will provide access and share with co-counsel."

It seems obvious to the Court that that portion of the tendered order quoted above is not workable in the majority of cases, especially in this case.  First, no defense counsel volunteered to serve as the "discovery counsel".  It is easily understood as to why an attorney would not undertake the burden, expense, time involvement, as well as potential liability, that would be placed on the discovery counsel.  In many instances, it would be unrealistic, and expensive, for the discovery counsel to arrange the meetings with other defense counsel.  Therefore, that portion of the motion shall not be granted and the tendered order will not be entered.

The Assistant United States Attorney, in an oral argument in related London Indictment No. 05-cr-28-DCR, indicated that there is a tractor-trailer load of boxed materials and multiple audio and video tapes.  He stated that the government would not object to put an agent at the office of the Assistant United States Attorney in London "for the attorneys to come and view it and inspect it.  And if they want to make some of copies we can work with them on that situation".  This suggestion

2

appears to be reasonable and would be more cost-effective, in that the government would not have to produce multiple copies of a tractor-trailer load of documents. Defense counsel, during normal working hours or such other times as may be agreed upon by counsel, could view same at the office of the United States Attorney and then promptly (within three working days) provide the government with an inventory of the documents (including video and audio tapes) each defendant desires to have copied and supplied to that specific defendant. The cost of reproduction of said documents shall be borne by the government unless counsel agree upon a cost-sharing agreement. Nothing herein shall prohibit the Assistant United States Attorney and any defense counsel from agreeing to an alternative method to provide the required discovery.

It is therefore ORDERED that the motion is **GRANTED** in part, and **DENIED** in part, consistent with the above Opinion.

This the 3rd day of June, 2005.

Signed By:
J.B. Johnson, Jr.
United States Magistrate Judge